UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER McALEER, | ) | |
| | ) | |
|      Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-285-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|      Defendant | ) | |

**REPORT AND RECOMMENDED DECISION[1]**

This Social Security Disability ("SSD") appeal raises the question of whether the residual functional capacity assigned to the plaintiff by the administrative law judge is supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process. 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from the residuals of a brain injury, degenerative disc disease, chronic pain syndrome in the lower back, and the residuals of ankle injuries and multiple surgeries, impairments that were severe but which did not, considered separately or in combination, meet or medically equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on April 2, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Record at 11; that the plaintiff was unable to perform his past relevant work, Finding 5, *id*. at 19; that, given his age (40 years old at the date of onset), at least high school education, work experience, residual functional capacity,[2] and use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"), as a framework for decision-making, there were jobs that existed in significant numbers in the national economy that the plaintiff could perform, Findings 5-9, *id*.; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, from June 7, 2006, the alleged date of onset, through the date of the decision, Finding 10, *id*. at 20.  The Decision Review Board affirmed the decision, *id*. at 1-4, making it the final determination of the commissioner, 20 C.F.R. § 405.420.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to

---

[2] What would usually appear as a separate residual functional capacity finding between the findings numbered 4 and 5 in this opinion appears only in the body of this decision, which states: "[T]he claimant has the residual functional capacity to perform light work . . . except work that requires the ability to stand or walk more than two hours in an eight hour work day; sit more than . . . two hours at a time or more than about six hours in an eight hour workday; climb ladders, ropes, or scaffolds; perform fine fingering, feeling, or gross handling more than occasionally; reach overhead, push/pull, climb stairs or ramps, balance, stoop, kneel, crouch, or crawl more than occasionally."  Record at 12.

perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff contends that the only medical evidence available in the record to support the residual functional capacity assigned by the administrative law judge was an examination performed by Dr. Frank A. Graf at the request of the plaintiff's attorney, but that the administrative law judge, while saying that he was "in essential agreement" with Dr. Graf's findings, in fact was not. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 11) at 2-4. He asserts that the administrative law judge "cannot rationally on one page of his decision criticize Dr. Graf's conclusions to the point of seeming to reject them and then turn around, on the very next page, and find that he 'essentially agrees' with them." *Id*. at 5. Therefore, he argues, there is no medical basis for the administrative law judge's opinion, the administrative law judge must have substituted his own views for uncontroverted medical opinion, and the decision must be vacated. *Id*. at 4-5.

The administrative law judge noted that the plaintiff had not been treated for any impairment since 2000, other than two visits in March 2006 for a lower back strain. Record at 17. After that, the administrative law judge engaged in a fairly extensive discussion, *id*. at 17-19, of Dr. Graf's report and the other medical evidence, which, contrary to the plaintiff's statement, is not limited to the reports of Dr. Graf, Record at 395-403, and Dr. Charkowick, *id.* at 284-87, but also the hearing testimony of a medical expert, Dr. Webber,[3] *id*. at 58-69, medical records from 1994 to 2008, *id*. at 252-83, 296-394, and a state-agency physical residual functional

---

[3] At oral argument, counsel for the plaintiff criticized the administrative law judge for being "somewhat selective" about those findings of Dr. Webber which he adopted, but it is the nature of the administrative law judge's job to be selective about which medical findings he or she will adopt. *See, e.g., Evangelista v. Secretary of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987).

capacity assessment, *id*. at 288.  The administrative law judge explained his differences with certain of Dr. Graf's conclusions, and indicated the basis in the evidence for each of these conclusions.  He did not substitute his own views for medical opinion, and Dr. Graf's conclusions cannot, in any event, properly be characterized as "uncontroverted."  Nor did the administrative law judge interpret raw medical data in any forbidden manner.  The administrative law judge's treatment of Dr. Graf's opinions cannot be reasonably characterized as self-contradictory, as the plaintiff contends.

On the showing made, the plaintiff is not entitled to remand.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of May, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge